OPINION
{¶ 1} Appellant, Cortess Oliver ("Oliver"), appeals the August 29, 2002 judgment entry of the Portage County Court of Common Pleas "overrul[ing] Defendant's Motion to Reconsider Intervention in Lieu of Conviction" and imposing sentence on Oliver. For the reasons stated below, we affirm the trial court's ruling.
 {¶ 2} On June 6, 1999, the Portage County Grand Jury indicted Oliver on 34 counts of deception to obtain a dangerous drug in violation of R.C. 2925.22, a felony of the fifth degree. Four months later, the Portage County Grand Jury indicted Oliver for theft in violation of R.C.2913.02, for illegal use of food stamps in violation of R.C. 2913.46, and for Medicaid fraud in violation of R.C. 2913.40, all felonies of the fifth degree. Each indictment received a separate case number although both cases have proceeded together since March 2000.
 {¶ 3} On September 13, 2000, Oliver moved the trial court for intervention in lieu of conviction pursuant to R.C. 2951.041. Three times the court set the matter for a hearing on Oliver's motion and three times the matter was continued on motion by Oliver's counsel. The court scheduled a fourth hearing on Oliver's motion for treatment in lieu of conviction for February 12, 2001. Oliver failed to appear for this hearing and the court issued a warrant for her arrest. Approximately one year later, Oliver was arrested and the matter was again set for hearing.
 {¶ 4} On March 22, 2002, Oliver entered a written plea of guilty to 34 counts of deception to obtain a dangerous drug and one count each of theft, illegal use of food stamps, and Medicaid fraud. The trial court accepted Oliver's plea, found that Oliver was drug dependent, and granted the motion for intervention in lieu of conviction. The trial court ordered "that this matter be referred to the Adult Probation Department, and Defendant shall follow with a treatment program for a period of one (1) year."
 {¶ 5} Oliver reported to the probation department on April 1, 2002. According to the presentence investigation report, the "rules and regulations of Intervention in Lieu of Conviction were explained to Defendant Oliver and the defendant stated she understood said rules and regulations." Oliver reported to the probation department again on April 16, 2002 and tested positive for morphine, benzodiazepines, and barbiturates.
 {¶ 6} The probation department referred Oliver to the Townhall II program in Portage County for an assessment of her condition. Oliver failed to appear for an initial assessment on May 1, 2002. On May 15, 2002, Oliver appeared for her initial assessment appointment. Oliver cancelled a second appointment scheduled for May 29, 2002 and failed to appear for a rescheduled appointment on June 10, 2002. Although Townhall II was not able to complete its assessment of Oliver, it concluded that she is "chemically dependent with narcotic medication and also has a co-existing mental health disorder and chronic medical concerns."
 {¶ 7} On June 10, 2002, a status conference was held on Oliver's case. At this hearing, the state asked the trial court to impose sentence on Oliver due to the probation department's report of Oliver's April 16, 2002 positive drug test. Defense counsel asserted that Oliver was under a doctor's care and taking prescribed medicines for pain. Defense counsel further asserted the drugs that Oliver tested positive for were within the doctor's prescription. The trial court granted defense counsel a continuance to present evidence in support of his assertion and ordered Oliver to be held in the Portage County Jail.
 {¶ 8} On June 24, 2002, a hearing was held at which Oliver's treating physician, Doctor Edward Urban, gave testimony regarding his treatment of Oliver and the medications he had prescribed her. The evidence presented at this hearing demonstrated that the positive drug test on April 16, 2002 could not have been related to Dr. Urban's prescriptions. At the conclusion of the hearing, the trial court found that Oliver had not complied with the treatment program, ordered that intervention in lieu of conviction was not accepted, and referred the matter for a presentence investigation. On August 29, 2002, the trial court sentenced Oliver to concurrent terms of imprisonment for 8 months for 34 counts of deception to obtain a dangerous drug, one count of theft, one count of illegal use of food stamps, and one count of Medicaid fraud. This appeal followed.
 {¶ 9} Appellant raises three assignments of error:
 {¶ 10} "[1.] The trial court erred when it failed to establish a treatment plan for Ms. Oliver.
 {¶ 11} "[2.] The trial court erred when it determined that Ms. Oliver had failed to follow the terms and conditions of a non-existent treatment plan.
 {¶ 12} "[3.] The trial court erred when it revoked its decision to allow intervention in lieu of conviction and incarcerated Ms. Oliver because she was a drug dependent person."
 {¶ 13} Oliver's essential argument is that the trial court failed to establish an intervention plan for Oliver as required by R.C.2951.041(D), and then sentenced her for failing to comply with the conditions of this non-existent plan. While Oliver is technically correct that an intervention plan was never formally established as required by the statute, Oliver herself is principally to blame for a plan not being established.
 {¶ 14} Oliver moved the court for intervention in lieu of conviction on September 13, 2000. When an offender moves the court for intervention, the court is supposed to hold a hearing to determine the offender's eligibility for the program. R.C. 2951.041(A)(1). In this case, the court tried to hold this eligibility hearing four times, and on three occasions, Oliver moved to continue. Oliver failed to appear for the fourth scheduled hearing. The court issued and executed an arrest warrant, and a year and a half passed before Oliver could be compelled to appear at a hearing on a motion that she herself had filed.
 {¶ 15} On March 22, 2002, Oliver finally appeared before the court to consider her eligibility for intervention. At this point, the trial court would have been well within its discretion to summarily dismiss Oliver's motion, as she had demonstrated absolutely no commitment to the intervention program. See State v. Gadd (1990), 66 Ohio App.3d 278, 283
(the decision to accept an offender's motion for intervention is completely within the trial court's discretion) (citation omitted); Statev. Schmidt, 149 Ohio App.3d 89, 2002-Ohio-3923, at ¶ 9 (even where an offender has satisfied all the statutory criteria to be eligible for intervention, the trial court may still in its discretion deny the offender's motion). Despite not being able to have Oliver properly assessed, the court nevertheless chose to give Oliver the benefit of her motion for intervention. In accordance with R.C. 2951.041(C), the court accepted Oliver's guilty plea, referred the matter to the probation department, and ordered Oliver to "follow with a treatment program for a period of one (1) year."
 {¶ 16} Oliver reported to the probation department which explained the "rules and regulations" of the program to Oliver and referred Oliver to Townhall II for assessment. During this time, Oliver failed a drug test and failed to complete her assessment at Townhall II. The matter came up for another hearing before the trial court on July 29, 2002, at which time the court decided that, "intervention in lieu of conviction is not possible in this case."
 {¶ 17} Oliver's own misconduct, once again, deprived her of the intervention alternative to jail-time. Essentially, Oliver placed herself in the position to receive intervention (as granted by the trial court on March 22, 2002), and, then, subsequently failed to comply with the intervention requirements. Under these circumstances, the trial court properly entered sentence on Oliver's guilty plea for failing to comply with the terms and conditions of the intervention program pursuant to R.C. 2951.041(F). To hold otherwise, would allow Oliver to benefit from her misconduct during the procedures below.
 {¶ 18} Oliver argues that it was unfair to terminate her participation in the intervention program for violating the terms and conditions of the program when no intervention plan had been adopted. Without an intervention plan, Oliver maintains, it was impossible for her to know the terms and conditions of the program. We disagree. We have demonstrated above that Oliver herself is responsible for this situation. There are additional reasons for rejecting Oliver's argument.
 {¶ 19} R.C. 2951.041(B)(9) requires that a participant in the intervention program "be willing to comply with all terms and conditions imposed by the court." Here it is undisputed that when the trial court referred Oliver to the probation department, the rules and regulations of the intervention program were explained to her. Even in the absence of a formal intervention plan, Oliver was required to abide by the department's rules and regulations. She failed to do so.
 {¶ 20} R.C. 2951.041(D) requires that the "terms and conditions of the intervention plan shall require the offender *** to abstain from the use of illegal drugs and alcohol." By testing positive for morphine, benzodiazepines, and barbiturates when not under a doctor's orders to be taking these drugs, Oliver violated this provision that, by statute, is a part of every intervention plan. Oliver cannot claim, therefore, that her participation in the intervention program was revoked for reasons that she was not aware of or that she could not have anticipated.
 {¶ 21} Accordingly, the court below did not err by revoking intervention and by imposing sentence on Oliver's guilty plea.
 {¶ 22} For the foregoing reasons, the decision of the Portage County Court of Common Pleas is affirmed.
Judgment affirmed.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.