[Cite as *State v. Ogle*, 2012-Ohio-3693.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97926**

# STATE OF OHIO

PLAINTIFF-APPELLANT/
CROSS-APPELLEE

vs.

# JOHN OGLE

DEFENDANT-APPELLEE/
CROSS-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART; REVERSED IN PART
## AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555829

**BEFORE:** Jones, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 16, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY: Andrew Rogalski
        T. Allan Regas
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Mary Elaine Hall
645 Leader Building
526 Superior Avenue, East
Cleveland, Ohio 44114

LARRY A. JONES, SR., P.J.:

{¶1} Plaintiff-appellant/cross-appellee, the state of Ohio, appeals from the trial court's judgment sentencing defendant-appellee/cross-appellant, John Ogle, to 20 days in jail, with 20 days credit. Ogle appeals from the same final judgment, contending that the trial court (1) abused its discretion by failing to hold a hearing on Ogle's motion for intervention in lieu of conviction and (2) committed plain error by not merging the two charges.

{¶2} Under the state's assignment of error, we reverse the trial court's judgment and remand the case for resentencing. Under Ogle's assignments of error, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶3} Ogle and his codefendant trespassed on the property of Die-Matic Corporation, took scrap metal, and sold it for $213.75. In November 2011, Ogle was indicted by way of information of breaking and entering, a fifth degree felony, and theft, a first degree misdemeanor. Ogle was released on bond, with court supervision as a condition of the bond. In December 2011, Ogle failed to appear as required under his bond and thereafter tested positive for cocaine. The trial court, therefore, forfeited his bond.

{¶4} In January 2012, Ogle filed a motion for intervention in lieu of conviction, and requested a hearing. In February 2012, Ogle pleaded guilty to breaking and entering

and the theft charge was dismissed. The trial court sentenced Ogle to 20 days in jail, with credit for 20 days served, and ordered him to pay a $150 fine.

## II. State's Appeal

{¶5} The state's sole assignment of error reads:

The trial court erred by imposing a sentence of 20 days in jail for the offense of breaking and entering, a fifth degree felony, when Ohio law requires the imposition of either 1) a prison sentence, or 2) community control sanctions.

{¶6} Our review of felony sentencing is guided by *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, in which the Ohio Supreme Court explained that:

[f]irst, [the reviewing court] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

*Id.* at ¶ 4.

{¶7} Ogle was sentenced in February 2012. At that time, the new sentencing structure under House Bill 86 ("H.B. 86") was effective and, thus, applied to him. Under H.B. 86, R.C. 2929.13 creates a preference for community control sanctions for certain fourth and fifth degree felonies. *See State v. Cox*, 8th Dist. No. 97924, 2012-Ohio-3158, ¶ 4. R.C. 2929.13(B)(1) provides:

(a) Except as provided in division (B)(1)(b) of this section, if an offender is

convicted of or pleads guilty to a felony of the fourth or fifth degree that is

not an offense of violence, the court shall sentence the offender to a

community control sanction of at least one year's duration if all of the

following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

{¶8} Ogle pleaded guilty to breaking and entering, a fifth degree felony and a nonviolent offense. *See* R.C. 2901.01(A)(9). Further, the record demonstrates that Ogle does not have a prior criminal history. Thus, R.C. 2929.13(B)(1)(a)(i-ii) applied to Ogle and the trial court was therefore required to sentence him to a community control sanction of at least one year.

{¶9} If the trial court did not believe that any available community control sanctions imposed on Ogle would adequately fulfill the overriding principles and purposes of sentencing, then under R.C. 2929.13(B)(1)(c), it was required to contact the department of rehabilitation and correction to "ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons

sentenced by the court." *See also* R.C. 2929.13(B)(1)(a)(iii).

{¶10} In light of the above, the trial court's sentence was contrary to law. This holding, under H.B. 86, comes after a flurry of cases this court has decided involving the issue of sentencing a defendant convicted of a low-level felony to a jail term, with credit for time served, resulting in the discharge of the defendant. Generally, the cases found that such a sentence was contrary to law, and ordered further proceedings on remand, a directive the trial court has ignored in many of the cases.

{¶11} However, one of this court's most recent pronouncements on the issue was set forth in the en banc decision of *State v. Nash*, 8th Dist. No. 96575, 2012-Ohio-3246, and reached a different result than the earlier decisions. Further, Nash was sentenced pre-H.B. 86 and, thus, reached a different result than we reach here. But under the newly amended R.C. 2929.13, it is clear that for certain fourth and fifth degree felonies, a preference for community control sanctions exists, and if an offender meets certain criteria he "shall" be sentenced to community control sanctions for at least one year.

{¶12} Although in *Nash* this court agreed with the defendant's reasoning that, in the interest of judicial economy, trial courts should be afforded the discretion to sentence low-level felony offenders as Ogle was sentenced here, R.C. 2929.13 as now amended specifically states that such offenders must be sentenced to community control sanctions. Thus, in sentencing such offenders, trial courts must comply with the newly amended R.C. 2929.13.

{¶13} The state's assignment of error is sustained.

### III. Ogle's Cross-Appeal

**{¶14}** Ogle raises the following two assignments of error for our review:

[I.] The trial court, having evidence before her concerning the defendant's prior drug use, abused her discretion when she denied the cross-appellant a hearing to determine whether he was eligible for intervention in lieu of conviction, pursuant to Crim.R. 12 before she sentenced him on February 2, 2012.

[II.] The trial court committed plain error when she failed to merge the breaking [and] entering charge — a violation of R.C. 2911.13(B), a felony of the fifth degree and the misdemeanor theft charge — a violation of R.C. 2913.02(A)(1) into a misdemeanor rather than allow the State to nolle the misdemeanor theft charge only.

**{¶15}** In his first assignment of error, Ogle contends that the trial court should have afforded him a hearing on his motion for intervention prior to accepting his plea. The record demonstrates that the trial court never ruled on the motion; the motion is therefore deemed denied. *Hignite v. Glick, Layman & Assoc.*, 8th Dist. No. 95782, 2011-Ohio-1698, ¶ 6.

**{¶16}** R.C. 2951.041 governs intervention in lieu of conviction and provides that the "court may reject an offender's request without a hearing." R.C. 2951.041(A)(1). Further, the statute requires the recommendation of the prosecuting attorney. R.C. 2951.041(B)(1). The state did not recommend intervention in lieu of conviction here. On this record, therefore, Ogle's first assignment of error is overruled.

**{¶17}** For his second assigned error, Ogle contends that the trial court committed

plain error by not merging the felony breaking and entering and the misdemeanor theft into a single misdemeanor, or "dropping" the breaking and entering change. Ogle's contention is without merit. Under the terms of the plea agreement, Ogle was convicted of only one count, felony breaking and entering. The misdemeanor theft charge was dismissed and Ogle was sentenced on one crime — there was nothing to merge at sentencing. The second assignment of error is therefore overruled.

## IV. Conclusion

{¶18} The state's sole assignment of error is sustained. Ogle's two assignments of error are overruled.

{¶19} Judgment affirmed in part; reversed in part; case remanded for resentencing.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR