[Cite as *State v Burns*, 2015-Ohio-5336.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2014-T-0091** |
| JASON R. BURNS, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CR 154.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellant).

*Samuel F. Bluedorn,* Bluedorn & Ohlin, L.L.C., 144 North Park Avenue, #310, Warren, OH 44481(For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, the State of Ohio, appeals the decision of the Trumbull County Court of Common Pleas to grant defendant-appellee, Jason Burns', Motion for Intervention in Lieu of Conviction. The issues before this court are whether a prosecuting attorney's recommendation is necessary in all circumstances in order for a trial court to grant intervention in lieu of conviction and whether a trial court abuses its discretion by granting intervention to a (former) employee of a municipal law department

who reported for work under the influence of narcotics. For the following reasons, we affirm the judgment of the court below.

{¶2} On April 3, 2014, the Trumbull County Grand Jury returned an Indictment, charging Burns with Possession of Heroin, a felony of the fifth degree in violation of R.C. 2925.11(A) and (C)(6)(a); Aggravated Possession of Drugs, a felony of the fifth degree in violation of R.C. 2925.11(A) and (C)(1)(a); and Possession of Drugs, a misdemeanor of the first degree in violation of R.C. 2925.11(A) and (C)(2)(a).

{¶3} On May 15, 2014, Burns filed a Motion for Intervention in Lieu of Conviction.

{¶4} At a pretrial hearing on May 21, 2014, the trial court ordered Burns to be evaluated by the Trumbull County Adult Probation Department to determine his suitability for intervention in lieu of conviction.

{¶5} On June 6, 2014, the probation department issued a written evaluation, concluding that Burns met the criteria for intervention and recommending an intervention plan.

{¶6} At a pretrial hearing on July 2, 2014, the State expressed its opposition to granting Burns intervention. The trial court established a briefing schedule.

{¶7} On July 29, 2014, the State filed its Objection to Defendant's Request for Intervention in Lieu of Conviction.

{¶8} On August 13, 2014, Burns filed his Response to the State's Objection.

{¶9} On September 24, 2014, the trial court granted Burns' Motion for Intervention, memorialized in separate Judgment Entries, one determining his eligibility and the other granting the Motion.

{¶10} On October 2, 2014, Burns entered guilty pleas to the three counts of the Indictment. In a separate Judgment Entry, the trial court stayed the proceedings and ordered Burns to be placed under the control and supervision of the adult probation department.

{¶11} On October 14, 2014, the State filed its Notice of Appeal.

{¶12} On appeal, the State raises the following assignments of error:

{¶13} "[1.] The trial court erred as a matter of law by granting Appellee's motion for intervention in lieu of conviction, pursuant to R.C. 2951.041(B)(1), when the prosecuting attorney demonstrated Appellee's ineligibility for such a program and withheld recommendation for placement therein."

{¶14} "[2.] Trial court's interpretation of R.C. 2951.041(B)(1) that a prosecutor's approval for intervention in lieu of conviction is unnecessary unless the offender has a previous felony or violent felony conviction is violative of the separation of powers doctrine and is therefore unconstitutional."

{¶15} If eligible, the decision to grant an offender's motion for intervention in lieu of conviction is wholly within the discretion of the trial court. *State v. Oliver*, 11th Dist. Portage Nos. 2002-P-0104 and 2002-P-0105, 2003-Ohio-5710, ¶ 15 (cases cited). The interpretation of a statute, which presents a question of law, is reviewed under a de novo standard. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8. The State's assignments of error implicate both standards of review.

{¶16} The State's first argument under its first assignment of error is that the trial court misinterpreted and misapplied the intervention in lieu of conviction statute.

{¶17} The statute provides, in relevant part:

An offender is eligible for intervention in lieu of conviction if the court finds all of the following:

(1) The offender previously has not been convicted of or pleaded guilty to a felony offense of violence or previously has been convicted of or pleaded guilty to any felony that is not an offense of violence and the prosecuting attorney recommends that the offender be found eligible for participation in intervention in lieu of treatment [sic] under this section, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose a community control sanction on the offender * * *.

R.C. 2951.041(B).

{¶18} The State interprets the statute so that "the prosecuting attorney's recommendation is required for [an offender's participation in] ILC under all circumstances." Appellant's brief at 8. The State cites to the case of *State v. Ogle*, 8th Dist. Cuyahoga No. 97926, 2012-Ohio-3693, in support of its position: "the statute requires the recommendation of the prosecuting attorney." *Id.* at ¶ 16.

{¶19} We reject the State's interpretation in favor of that of the trial court, which concluded that the prosecuting attorney's recommendation was not necessary for Burns to be eligible for intervention in lieu of conviction. Section (B)(1) essentially mandates three findings by the trial court: "[1.] The offender previously has not been convicted of * * * a felony offense of violence or previously has been convicted of * * * any felony that

4

is not an offense of violence * * *, [2.] previously has not been through intervention in lieu of conviction * * *, and [3.] is charged with a felony for which the court, upon conviction, would impose a community control sanction on the offender."

{¶20} Grammatically, the conjunctive phrase "and the prosecuting attorney recommends that the offender be found eligible" only applies to the first of these findings regarding an offender's criminal history, more particularly when the offender has been convicted of a felony that is not an offense of violence. If the prosecutor's recommendation were an independent prerequisite for eligibility in all circumstances, there would be no point in having the trial court determine whether an offender's prior felony conviction was for an offense of violence. Rather, an offender's prior felony conviction for an offense of violence will bar his eligibility for intervention in all circumstances, and a prior felony conviction for an offense not of violence will bar his eligibility for intervention unless the prosecuting attorney recommends otherwise.

{¶21} The punctuation of division (B)(1) also supports this conclusion, inasmuch as the requirement that the trial court find the offender has not previously undergone treatment in lieu of conviction is marked off by a comma, while the requirement that the court find that any prior felony convictions would have been subject to a community control sanction is marked off by a comma and the conjunction "and," thus indicating the final item in the sequence.

{¶22} The history of the treatment in lieu of conviction statute also demonstrates that the prosecuting attorney's recommendation has never been a sine qua non for eligibility. Reference to the prosecuting attorney's recommendation first appeared in the intervention statute as part of Senate Bill No. 107, effective March 23, 2000. That

5

version of the statute provided in division (B)(4): "An offender is eligible for intervention in lieu of conviction if the court finds * * * [t]he offender is not charged with [possession] that is a felony of the fourth degree, or the offender is charged with [possession] that is a felony of the fourth degree, and the prosecutor in the case has recommended that the offender be classified as being eligible for intervention in lieu of conviction under this section." Former R.C. 2951.041(B)(4). The conditions regarding felonies of violence and previous intervention were addressed in a separate division, (B)(1). The requirement of the prosecuting attorney's recommendation was not inserted in division (B)(1) until 2011 as part of House Bill No. 86, at which time division (B)(4) regarding felony possession was eliminated.

{¶23} This court declines to follow the *Ogle* decision. In *Ogle*, an offender with no criminal history moved for intervention in lieu of conviction. 2012-Ohio-3693, at ¶ 8. The trial court did not hold a hearing or rule on the motion. *Id.* at ¶ 15. The court of appeals affirmed, holding that a "court may reject an offender's request [for intervention] without a hearing." *Id.* at ¶ 16, quoting R.C. 2951.041(A)(1). The court "further" noted that "the statute requires the recommendation of the prosecuting attorney," and "[t]he state did not recommend intervention in lieu of conviction here." *Id.* The court did not quote division (B)(1) or offer any substantive analysis. Rather, the comment about the necessity of the prosecuting attorney's recommendation came after the court ruled that a motion for intervention may be denied without hearing in response to the argument "that the trial court should have afforded [the offender] a hearing on his motion for intervention prior to accepting his [guilty] plea." *Id.* at ¶ 15. The comment regarding the

6

prosecuting attorney's recommendation was merely an alternate justification for the court's holding, which is not binding on this court.

{¶24} The State also contends that Burns is ineligible for intervention "because he had two convictions of what would have been felonies in Ohio," i.e., Grand Theft (M) and Burglary (M2) in California. Appellant's brief at 8. The State notes that, even under the interpretation of the statute adopted by this court above, the prosecuting attorney's recommendation is required as these offenses are the equivalent in Ohio of fourth degree felonies that are not offenses of violence. The State overlooks or discounts the fact that Burns was not convicted of either offense. According to the probation department's evaluation: "[Burns] completed pretrial diversion program. Case dismissed." This court will not treat an offender's arrest as the functional equivalent of an offender's conviction for the purposes of intervention in lieu of conviction.

{¶25} The State next contends that Burns is ineligible for intervention since he has previously undergone a "similar regimen" to intervention in lieu of conviction. The State submits the pretrial diversion program in California or Burns' participation in a methadone program in Ohio could constitute a "similar regimen" to intervention in lieu of conviction. We disagree.

{¶26} The probation department considered the issue and was of the opinion that the pretrial diversion program was not a similar regimen: "the 2008 California diversion was a pretrial non-treatment diversion for misdemeanor offenses." *State v. Leisten*, 166 Ohio App.3d 805, 2006-Ohio-2362, 853 N.E.2d 673, ¶ 10 (2nd Dist.) ("[i]f the legislature had wished to make participation in any pre-trial diversion program a precluding factor, it could have easily included that restriction in R.C. 2951.041(B)").

{¶27} With respect to Burns' participation in various drug treatment programs, we note that the State did not raise the argument in the court below. Nonetheless, Burns' participation in "the methadone program at Meridian and programming at Glenbeigh" occurred in 2009 and was voluntary, unrelated to any pending criminal charges, and, without more, does not constitute a similar regimen to intervention under R.C. 2951.041. *State v. Wiley*, 10th Dist. Franklin Nos. 03AP-362 and 03AP-363, 2003-Ohio-6835, ¶ 9 ("appellant's two previous failed attempts at treatment * * * [constitute] a factor pursuant to R.C. 2951.041(B)(9) [to be eligible for intervention, the offender must be 'willing to comply with all terms and conditions imposed by the court']").

{¶28} The State also argues under this assignment of error that the trial court erred in finding Burns eligible for intervention because he is charged with felonies "for which the court, upon conviction, would impose a community control sanction * * * under division (B)(2) of section 2929.13 of the Revised Code." R.C. 2951.041(B)(1).

{¶29} Under R.C. 2929.13(B)(2): "If division (B)(1) of this section does not apply * * *, in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."

{¶30} Division (B)(1) provides that, for "a felony of the fourth or fifth degree that is not an offense of violence * * *, the court shall sentence the offender to a community control sanction." R.C. 2929.13(B)(1)(a). But if "[t]he offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or

8

the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others," then "[t]he court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence." R.C. 2929.13(B)(1)(b)(viii).

{¶31} Thus, in order for an offender to be sentenced under R.C. 2929.13(B)(2), he must not have "held a public office or position of trust, and the offense related to that office or position." *State v. Knepper*, 184 Ohio App.3d 416, 2009-Ohio-5159, 921 N.E.2d 284, ¶ 2 (9th Dist.) ("[o]ne of those circumstances, which would prevent the court from imposing community control, is that '[t]he offender held a public office or position of trust and the offense related to that office or position'"); *State v. France*, 10th Dist. Franklin No. 04AP-1124, 2006-Ohio-1204, ¶ 9 ("R.C. 2929.13(B)(1)(d) enumerates the following factor as precluding sentencing under R.C. 2929.13(B)(2)(b): 'The offender held a public office or position of trust and the offense related to that office or position'").

{¶32} It is the State's position that Burns' employment as a legal assistant in the City of Warren Law Department constitutes a position of trust in the Warren community, and "[t]he offense was related to that office or position because he was abusing drugs during working hours at his place of public employment and needed public employees to transport him to a hospital in a city-owned police cruiser as a direct result of his drug abuse." Appellant's brief at 10. The State further contends that, unless Burns suffers the due consequences of his conduct, it will likely influence others to "show up to work high on drugs" and "damage the reputation of the Warren City Law Department." Appellant's brief at 11.

9

{¶33} With respect to these factors, the trial court determined: "Although the legal department of the City of Warren is responsible for charging decisions, Crim. R. 11 negotiations, determining which felony charges to bind over to the Trumbull County Grand Jury and conducting trial at the municipal level, it cannot be said that Defendant himself had any significant involvement with the criminal process through his position so as to render him a 'person of trust in the community.'"

{¶34} This court would point out two considerations overlooked by the parties.

{¶35} First, the State did not introduce any evidence into the record at the hearing on Burns' motion. Although the State provides considerable detail about the circumstances of Burns' arrest in its briefs, such information is not properly in the record before us. The only evidentiary document in the record is the probation department's evaluation of Burns, which provides no information regarding his position with the law department.[1]

{¶36} Second, Burns' position within the law department qualifies him as a "public official" or holder of public office for the purposes of R.C. 2929.13(B)(1)(b)(viii): "'Public official' means any * * * employee * * * of the state or any political subdivision." R.C. 2921.01(A); *State v. Hall*, 2nd Dist. Montgomery No. 22901, 2009-Ohio-6016, ¶ 8 (applying the definitions contained in R.C. 2921.01 to intervention in lieu of conviction proceedings) (citation omitted). The determinative question, then, is whether Burns' possession of drugs related to his position with the law department.

{¶37} Given the scant record before us, we find no abuse of discretion in the trial court's failure to find that R.C. 2929.13(B)(1)(b)(viii) applied, thus rendering Burns

---

1. The narrative portions of the attached incident report provide the following: "Subject was located with narcotics on his person"; "JASON BURNS WAS CHARGED WITH POSS OF DRUGS AND POSS OF DRUG INST AFTER DRUGS TEST WERE RETURNED" (sic).

ineligible for intervention. At most, Burns' possession of drugs was incidental to his employment.

{¶38} Finally, the State argues that Burns failed to meet the qualification that he be "willing to comply with all terms and conditions imposed by the court." R.C. 2951.041(B)(9). The State emphasizes that "the tone of his resignation letter to Warren City," a document not in the record, evidenced a "cavalier attitude about his drug habit." Appellant's brief at 11-12.

{¶39} The trial court addressed the State's concerns as follows: "[T]he Court has taken into consideration the Defendant's recent efforts including his completion of both inpatient and outpatient treatment, and outpatient aftercare through Glenbeigh and his continued participation in random drug screens, and is satisfied that Defendant is willing and able to comply." The court also acknowledged that it relied heavily on the probation department's evaluation, which recommended Burns for intervention. We find no abuse of discretion.

{¶40} In sum, the State's position is that Burns' "repeated brushes with the law since 2002, including California's dismissal of what would have been felonies here in Ohio, the apparent failure of his 2009 drug treatment programs, and his abuse of illicit drugs while on duty in Warren City's law department * * * indicate he is a poor candidate of ILC." Appellant's brief at 12. These factors do not compel the conclusion that it was beyond the scope of the trial court's discretion to determine otherwise.

{¶41} The first assignment of error is without merit.

{¶42} In the second assignment of error, the State contends, for the first time in the course of these proceedings, that the trial court's ability, under R.C. 2951.041(B)(1),

11

to effectively terminate a pending criminal prosecution without the consent of the prosecuting attorney violates the separation of powers doctrine.

{¶43} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore *need not* be heard for the first time on appeal." (Emphasis added.) *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. Here, we decline to consider the State's assignment of error.

{¶44} The second assignment of error is without merit.

{¶45} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting Burns' Motion for Intervention in Lieu of Conviction, is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, J., concurs,

TIMOTHY P. CANNON, P.J., concurs with a Concurring Opinion.


_____


TIMOTHY P. CANNON, P.J., concurring.

{¶46} I respectfully concur with the opinion of the majority and write separately to address three points.

{¶47} First, I think it is important to clarify that appellee did not merely report to work under the influence of narcotics; he was also in possession of heroin at work.

12

{**¶48**} Second, with regard to the statute in question, the determination of eligibility for intervention is whether the offender has previously "been convicted of *or pleaded guilty to*" a violent or non-violent felony. R.C. 2951.041(B)(1) (emphasis added). This is significant because, while appellee was not *convicted* of an offense in California that would be a felony in Ohio, he clearly went through some type of intervention program that would typically require a plea of guilty. However, there is nothing in the record to establish that fact.

{**¶49**} Third, I do not agree that we need to expressly decline to follow the decision in *State v. Ogle*, 8th Dist. Cuyahoga No. 97926, 2012-Ohio-3693. The issue before us is whether the prosecutor's recommendation was necessary in order for the trial court to grant intervention in lieu of conviction. In *Ogle*, the issue was whether a motion for intervention may be denied without a hearing. *Id.* at ¶15. The *Ogle* Court's holding that the trial court should have afforded a hearing is irrelevant to the case at hand, and the court's statement that "the statute requires the recommendation of the prosecuting attorney" is mere dicta. *Id.* at ¶16. Therefore, appellant's reliance on *Ogle* is misplaced.

{**¶50**} I agree the recommendation of the prosecuting attorney is required for cases where there has been a prior plea of guilty to, or a prior conviction of, a non-violent felony. The record simply does not support that in this case, and therefore the trial court did not abuse its discretion in granting intervention in lieu of conviction.

13